IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gary T. Turner | ) |
| | ) |
| Plaintiff, | ) Case No. 22 C 810 |
| | ) |
| v. | ) Magistrate Judge Jeffrey T. Gilbert |
| | ) |
| Lam Research Corporation, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Lam Research Corporation ("Lam") has filed a Motion to Dismiss [ECF No. 28] the Complaint [ECF No. 6] filed by Plaintiff Gary T. Turner ("Turner") for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). For the reasons discussed below, Lam's Motion is granted but without prejudice to Turner filing an amended complaint if he can do so that adequately pleads a claim cognizable in this District. The Court recognizes that Turner may instead choose to file his claims against Lam in another judicial district as is his right.

A plaintiff in federal court has the burden of establishing that the court has personal jurisdiction over the named defendant. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Turner alleges in his Complaint that the Court has subject matter jurisdiction over this case because it is a lawsuit between citizens of different states, and he alleges that venue is proper in this District because a now-

dismissed, previously named defendant, Computershare, Inc., has two offices in this District. The Complaint is silent as to personal jurisdiction and venue as to Lam.

Lam argues that Turner cannot establish the existence of either general or specific personal jurisdiction over Lam in this District based on the allegations in his existing Complaint [ECF No. 6]. Further, Lam argues that Turner cannot establish the existence of personal jurisdiction in this District as to Lam because Lam is not incorporated in Illinois, does not have its principal place of business in Illinois, does not regularly conduct business in this State let alone in the Northern District of Illinois, and Turner's underlying causes of action do not arise from anything that happened in or touched Illinois. Lam also submits that venue is improper as to Lam in this District because the events that allegedly give rise to Turner's claims did not occur in and have nothing to do with this District, and the property at issue in this case is not located in this District. *See* 28 U.S.C. § 1391(b). Lam's Motion to Dismiss is supported by the Declaration of Carter Lake, a managing director of Global Workplace Solutions for Lam. Memorandum in Support of Motion to Dismiss [ECF No. 28], Exhibit A, at 11-12.

Turner responds saying that Lam owns and operates a subsidiary located in Buffalo Grove, Illinois, which is within the Northern District of Illinois, and that subsidiary "is registered with the Secretary of State of Illinois." Memorandum in Opposition to Motion to Dismiss [ECF No. 35] at 2. Turner then argues that the Court can and should pierce the corporate veil and exercise jurisdiction over Lam because it has a subsidiary located in this District. Turner also says that venue is appropriate

2

in this District because Lam is subject to personal jurisdiction in Illinois and the other requirements of 28 U.S.C. § 1391(d) are met.

No facts are proffered in admissible form to support any of Turner's theories as to either personal jurisdiction or venue as to Lam. Turner's Complaint contains no allegations that support the existence of personal jurisdiction or venue over Lam in the Northern District of Illinois. To the extent Turner premises his personal jurisdiction or venue arguments on a piercing the corporate veil theory, the question of whether to pierce the corporate veil for purposes of jurisdiction or anything else normally is a highly fact intensive inquiry. *Continental Casualty Co. v. Symons*, 817 F.3d 979, 993 (7th Cir. 2016); *Chicago District Council of Carpenters Pension Fund v. Vacala Masonry, Inc.*, 946 F. Supp. 612, 617 (N.D. Ill. 1996). But Turner offers nothing in his Opposition brief except broad general and conclusory statements, unsupported by admissible evidence, to the effect that Lam "controls, directs, and supervises this subsidiary," "exercises control over its wholly-owned subsidiary, by retaining the capacity to influence business decisions, supervising their activities, and integrating the family of companies into a functional whole," and that "Lam has created a single corporate image." Opposition [ECF No. 35] at 4, 11.

Lam does not appear to dispute Turner's contention that one of its subsidiaries is registered in Illinois. But Lam says that is of no moment. Lam says that neither that company nor any other Lam subsidiary has an office or any other facility in Illinois. Lam supports these statements with a supplemental declaration from its

3

managing director of Global Workplace Solutions. Reply Memorandum [ECF No. 36], Exhibit A, at 10.[1]

On this record, Turner has not established the existence of personal jurisdiction or venue over Lam in the Northern District of Illinois. Where a defendant submits facts, including in the form of a declaration, in support of its motion to dismiss for lack of personal jurisdiction, it is plaintiff's burden to submit affirmative evidence supporting the exercise of personal jurisdiction. *Mold-A-Rama, Inc. v. Collector-Concierge-International*, 451 F. Supp. 3d 881, 885 (N.D. Ill. 2020), citing *ABN Amro v. Capital In'l, Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008). That is particularly true in this case where the Complaint is completely devoid of factual allegations to support the existence of personal jurisdiction or venue over Lam. Turner has wholly failed to meet his burden on this record. Conclusory allegations in an opposition brief unsupported by any admissible evidence are insufficient to meet Turner's burden of production or persuasion.

Finally, although the Court's ruling today is based solely on the factors discussed above, it is unclear that Turner ever can meet his burden here with respect to Lam. There is nothing in the Complaint to indicate that the Northern District of Illinois or the State of Illinois has anything to do with the dispute between Turner and Lam over Turner's shares of Lam's stock. So, it may be difficult for Turner to

---

[1] Lam does dispute though that the subsidiary Turner identifies is located at the address in Buffalo Grove, Illinois, where Turner says it is located, and it submits evidence to support that assertion. *See* Exhibits A, B, and C to Lam's Reply Memorandum [ECF No. 36].

keep this case here, particularly after Turner voluntarily dismissed with prejudice [ECF No. 23] the only formerly named defendant in this case, Computershare, Inc., that was alleged to have had any connection to this District and to the allegations in the Complaint. But the Court will address any amended complaint that Turner might file based on the facts pled and whatever arguments the parties might make at that time.

Accordingly, for the reasons discussed above, Lam's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [28] is granted without prejudice.[2]

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 20, 2022

---

[2] The parties filed a Limited Consent to Magistrate Judge Disposition of Defendant Lam's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue on September 14, 2022 [ECF No. 46]. This case was reassigned to this Magistrate Judge pursuant to the Limited Consent on September 16, 2022 [ECF No. 47]. See 28 U.S.C. § 636(c).